# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

*Filed Electronically*

| | |
|---|---|
| HERBERT J. SMITH, JR., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 1:23CV-4-GNS |
| ) | |
| AMERICAN ECONOMY INSURANCE ) | Removed from Warren Circuit Court |
| COMPANY, ) | Case No. 22-CI-1362 |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant American Economy Insurance Company ("American"), by filing this Notice of Removal and related papers, removes this action from the Warren Circuit Court, Warren County, Kentucky, where it is currently pending as Civil Action No. 22-CI-1362, to the United States District Court for the Western District of Kentucky, Bowling Green Division. Removal of this action is based on the following:

**I.    The State Court Action, Amount in Controversy, and Timeliness of Removal**

1.    On December 12, 2022, Plaintiffs filed a Complaint in Warren Circuit Court, Civil Action No. 22-CI-1362 (the "State Court Action"). The Complaint was served on American on December 16, 2022, and American timely answered in the State Court Action. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice as **Exhibit A**.

2. American issued a homeowners policy, policy no. OK7025495 for the policy period of Aug. 17, 2021 to Aug. 17, 2022, to named insured Herbert Smith, listing the insured location as 551 Foxmoor Dr., Bowling Green, KY 42103 (the "Policy").

3. The Policy includes coverage for damage to the insured location up to a limit of $624,800, subject to the Policy's other terms, conditions, and exclusions.

4. The Policy includes coverage for personal property losses, up to a limit of $437,360, subject to the Policy's other terms, conditions, and exclusions.

5. The Policy includes coverage for loss of use for the insured location, up to a limit of $124,960, subject to the Policy's other terms, conditions, and exclusions.

6. The Complaint states that "[o]n or about December 11, 2021, Smith suffered a loss and damages to the Residence due to a covered event[,]" and that Plaintiff "filed a claim with [American] due to damage to the Residence[.]" (Ex. A, Compl., ¶ 10). Plaintiff contends that he has "complied with all applicable Policy provisions" and "provided ample documentation to [American] with respect to costs of repair and the loss[.]" (*Id.* ¶¶ 11–15).

7. Plaintiff alleges that American "has refused to pay for any of the damages at the Residence due to the loss, despite Smith meticulously documenting the amounts owed by [American] on the Claim as of approximately December 2022." (*Id.* ¶ 16).

8. Plaintiff alleges that "[American] is required to pay the Claim in full[,]" and American "has breached its contract with Smith by denying and refusing to pay the claim[.]" (*Id.* ¶¶ 20–23).

9. As a result of American's alleged breach, Smith seeks damages including "recoverable depreciation" and "replacement cost coverage" sufficient to "replace, repair and rebuild the damaged property in accordance with the replacement cost provision of the Policy[,]"

as well as other allowable damages for American's alleged "failure to perform under the contract[.]" (*Id.* ¶¶ 24–26).

10. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A). Kentucky state court rules of procedure prohibit parties seeking unliquidated damages from pleading a specific amount of alleged damages. *See* Ky. R. Civ. P. 8.01(2).

11. "The amount in controversy should be considered 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Adelman's Truck Parts Corp. v. Jones Transp.*, 797 F. App'x 997, 1000 (6th Cir. 2020) (citations omitted).

12. Based on the nature of Plaintiffs' claims and allegations in the Complaint, the applicable limits of insurance and the extent of Plaintiffs' claimed property damage, it appears the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus satisfies the threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, Plaintiff claims extensive damage to a home insured under the Policy with total potential coverages of $624,800 (dwelling), $437,360 (personal property), and $124,960 (loss of use).

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within 30 days after American received the initial pleading or summons.

14. The removal is timely because it is not more than one year after the commencement of the action. 28 U.S.C. § 1446(c).

## II. Diversity of Citizenship

15. Plaintiff is a citizen and resident of Kentucky. (*See* Compl., ¶ 1).

16.     Defendant American is a corporation organized under the laws of the State of Indiana, with its principal place of business in Massachusetts.  American is not a limited liability company, and it is not a citizen of Kentucky.  American is not an unincorporated association.

17.     Removal of the State Court Action is proper under 28 U.S.C. § 1441(b), and this Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the Plaintiff (a citizen of Kentucky) and the Defendant (a citizen of Indiana and Massachusetts, pursuant to 28 U.S.C. § 1332(c)(1)).  The exception in 28 U.S.C. § 1332(c)(1) does not apply because Kentucky is not a "direct action" jurisdiction, and Plaintiff's claims are based on his alleged status as a first party "insured."

### III.    Venue and Notice in the State Court Action

18.     The United States District Court for the Western District of Kentucky at Bowling Green is the district and division embracing the place where the action is pending (Daviess County, Kentucky).  28 U.S.C. § 1441(a); 28 U.S.C. § 97(a); LR 3.1(b)(2).

19.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff's counsel and filed with the Clerk of the Warren Circuit Court.  A copy of American's written notice is attached as **Exhibit B**.

WHEREFORE, American Economy Insurance Company gives notice that this action is removed to the United States District Court for the Western District of Kentucky, Bowling Green Division, and American submits that this Court's diversity jurisdiction is properly invoked in this action.

Respectfully submitted,

FROST BROWN TODD LLC

<u>/s/ *Samuel W. Wardle*</u>
Douglas W. Langdon (dlangdon@fbtlaw.com)
J. Kendrick Wells IV (kwells@fbtlaw.com)
Samuel W. Wardle (swardle@fbtlaw.com)
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Phone: (502) 589-5400 | Fax: (502) 581-1087
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 13, 2023, which will send a noticeof electronic filing to all parties registered to receive it.  A courtesy copy was further sent via email to the following:

Gray Caudill
416 East 12th Street
Bowling Green, KY 42101
graycaudilllaw@gmail.com
*Counsel for Plaintiff*

                                                 */s/ Samuel W. Wardle*
                                                 *Counsel for Defendant*

0000T69.0765211  4872-0901-7161v1